■ In the Matter of the Claim of IRA R. BENWARE, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 10, 1981, which, ruled, *inter alia,* that the self-insured employer was responsible to pay $300 in expenses to attorneys for claimant. This claim arises out of an automobile accident in which claimant sustained an injury to his neck. During the course of the proceedings, a hearing was held at Menands, New York, and claimant was represented by John J. Cunningham, Esq., who was of counsel to claimant's attorneys of record. Thereafter, a second hearing was held in Menands and on this occasion Charles H. Lewis, a member of the

firm representing claimant appeared. At this hearing, the Administrative Law Judge allowed $300 for travel expenses *"for two trips to Albany"*. This ruling was made despite the fact that claimant's attorney conceded that his firm, located in Plattsburgh, New York, had retained Mr. Cunningham, local Albany counsel, to appear and, accordingly, had made only one trip to Albany. The board affirmed, finding that the employer was responsible to pay the $300 expense allowed and incurred by claimant's attorneys to travel to Albany and to arrange for a substitute attorney. This appeal ensued. The employer's sole argument on appeal is that the $150 reimbursement awarded to claimant's attorneys for expenses in securing a substitute local attorney to appear in Menands was arbitrary and not supported by substantial evidence. We agree. The Administrative Law Judge made a determination that claimant's attorney was entitled to be reimbursed for the expense of making two trips to Albany, $150, for each trip. However, it is uncontroverted that only one trip was made. The board nevertheless determined that the total $300 expense was proper, $150 being incurred to secure local counsel. This determination is not supported by substantial evidence as the record contains no evidence that the expense incurred was in fact $150. Moreover, the board's determination was arbitrary since, after a discussion at the hearing, claimant's counsel specifically limited his request for reimbursement to "traveling expenses". The determination, insofar as it allowed claimant's attorney $150 as an expense incurred to secure local counsel, must be reversed. Decision reversed, with costs to the employer against the Workers' Compensation Board, and matter remitted to the board for further proceedings not inconsistent herewith. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.